1    LAURA E. DUFFY
     United States Attorney
2    MICHELLE L. WASSERMAN
     ROBERT S. HUIE
3    Assistant U.S. Attorneys
     California State Bar Nos.254686/237374
4    United States Attorney's Office
     880 Front Street, Room 6293
5    San Diego, California 92101-8893
     Telephone: (619) 546-8431
6    Facsimile: (619) 546-0510
     michelle.wasserman@usdoj.gov
7
     Attorneys for Plaintiff
8    United States of America

9                    UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF CALIFORNIA
10
11   UNITED STATES OF AMERICA,          )   Case No. 12-CR-966-CAB
                                        )
12                        Plaintiff,    )   Date:   September 21, 2012
                                        )   Time:  1:00 P.M.
13              v.                      )   Courtroom: 2, 4th Floor
                                        )
14   JESUS CRISPIN LOERA-BORBON (1),    )
     ALFREDO LEYVA-ACOSTA (2),          )
15                                      )   UNITED STATES' SUPPLEMENTAL
                          Defendants.   )   MOTIONS IN LIMINE TO:
16                                      )
                                        )   (A)   EXCLUDE VIDEOTAPED
17                                      )         SWORN STATEMENTS
                                        )   (B)   EXCLUDE OUT OF COURT
18                                      )         WRITTEN STATEMENTS
                                        )   (C)   COMPEL DEFENDANTS TO
19                                      )         SHAVE ANY FACIAL HAIR
                                        )         AND REMAIN CLEAN SHAVEN
20                                      )         THROUGHOUT TRIAL
                                        )
21                                      )
                                        )
22                                      )
                                        )
23                                      )
                                        )
24                                      )
                                        )
25   ─────────────────────────────      )

26

27

28

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Laura E. Duffy, United States Attorney, and Michelle L. Wasserman, and Robert S. Huie Assistant United States Attorneys, and hereby files its Motions in Limine in the above-referenced case. This motion is based upon the files and records of this case together with the attached statement of facts and memorandum of points and authorities.

DATED: September 7, 2012.

Respectfully submitted,

LAURA E. DUFFY
United States Attorney

s/ Michelle L. Wasserman
MICHELLE L. WASSERMAN
ROBERT S. HUIE
Assistant United States Attorneys

1  LAURA E. DUFFY
   United States Attorney
2  MICHELLE L. WASSERMAN
   ROBERT S. HUIE
3  Assistant U.S. Attorneys
   California State Bar Nos.254686/237374
4  United States Attorney's Office
   880 Front Street, Room 6293
5  San Diego, California 92101-8893
   Telephone: (619) 546-8431
6  Facsimile: (619) 546-0510
   michelle.wasserman@usdoj.gov
7
   Attorneys for Plaintiff
8  United States of America

9              UNITED STATES DISTRICT COURT

10            SOUTHERN DISTRICT OF CALIFORNIA

11  UNITED STATES OF AMERICA,          )   Case No. 12-CR-966-CAB
                                       )
12                       Plaintiff,    )   Date:   September 21, 2012
                                       )   Time:   1:00 P.M.
13           v.                        )   Courtroom: 2, 4th Floor
                                       )
14  JESUS CRISPIN LOERA-BORBON (1),    )
    ALFREDO LEYVA-ACOSTA (2),          )
15                                     )
                        Defendants.    )   **UNITED STATES' STATEMENT OF**
16                                     )   **FACTS AND MEMORANDUM OF**
                                       )   **POINTS AND AUTHORITIES**
17                                     )
                                       )
18  _____        )

19

20

21

22

23

24

25

26

27

28                            3

# I

# STATEMENT OF FACTS

The United States hereby incorporates by reference the statement of facts in its previously filed Motions in Limine [Dkt. 51.]

# II

# MEMORANDUM OF POINTS AND AUTHORITIES

**A.**     **The Court Should Prevent Defense Counsel From Affirmatively Introducing Videotaped Sworn Statements**

At the motion hearing on August 23, 2012 counsel for Jesus Crispin Loera-Borbon indicated his intention to play portions of the videotaped sworn statements of the material witnesses in this case.  Two of the material witnesses, Isais Gutierrez-Enriquez and Manuel Banuelos-Villarreal were deposed during an almost day-long deposition, in which defense counsel had unlimited time to cross-examine each witness, and extensively utilized the transcript of the post-arrest interview to impeach each witness.  The United States anticipates that the third material witness, Rosario Gonzalez-Benavidez will testify at trial, and will therefore be subject to cross-examination.  At the motion hearing, counsel indicated his intent to play the videos for evidence of statements made during the initial interview with the witnesses at the Brownfield Border Patrol Station.  Because the statements are classic hearsay, and defense counsel wishes to introduce them for the truth of the matter asserted the Court should preclude defense counsel from introducing them affirmatively as to all three witnesses.

> **1.**     **The Videotaped Sworn Statements Are Inadmissible Hearsay And Defendants Should Not Be Permitted To Introduce Them As Substantive Evidence**

Counsel for Jesus Crispin Loera-Borbon  indicated his  intention to introduce the videotaped statements of the material witnesses post-arrest, specifically the portions of those videos in which the agents discuss the panga boat with the aliens, for the proposition that the agents "told" the aliens that the pictures of the panga were the boat.  Although counsel spoke of

4

the material witnesses collectively, Ms. Gonzalez was never actually shown a photograph of a boat during her interview, thus it appears that counsel specifically intended to introduce the statements of Mr. Gutierrez and Mr. Banuelos.[1]   The videotaped statements of these two witnesses are classic hearsay - out of court statements that defense counsel wishes to admit for the truth of the matter asserted  - namely the statements by the agents and responses by the witnesses during the interview.  See Fed. R. Evid. 801 (defining hearsay as "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement.").  Because the statements do not fall within the definition of "non-hearsay" and do not fall within an exception to the hearsay rule, the Court should preclude Defendants from introducing the videotaped sworn statements as substantive evidence.  See Fed. R. Evid. 802; see also United States v. Romo-Chavez, 681 F.3d 955, 959 (9th Cir. 2012) ("[w]hen an out-of-court statement is offered to prove the truth of the matter asserted, it is hearsay and generally inadmissible.").

          a.     The Videotaped Sworn Statements Are Not "Non-Hearsay" Under 801(d).

Under Federal Rule of Evidence 801(d) a statement is not hearsay if "[t]he declarant testifies and is subject to cross-examination about a prior statement," and the statement "is inconsistent with the declarant's testimony and was given under penalty of perjury at a trial, hearing, or other proceeding or in a deposition" as well as "an opposing party's statement." Fed. R. Evid. 801(d).  The rule therefore presupposes that the declarant testifies about the subject, is subject to cross-examination on that subject, and that the testimony was inconsistent.  Here,

---

[1]

     If in fact counsel intended on utilizing that portion of Ms. Gonzalez's interview, the United States would object to this as extremely misleading to the jury, as it is clear from the video that Ms. Gonzalez was shown a black and white schematic of a boat, not a photograph of the panga. To use this to extrapolate that agents "told" Ms. Gonzalez what the boat looked like would be confusing and misleading.  See Fed R. Evid. 403 (allowing court to exclude evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.").

despite having the recordings of the material witness interviews since almost the inception of the case, and despite receiving a court certified translation of those proceedings, prepared as a courtesy by the United States prior to the material witness deposition, Defendants chose not to ask any questions to the material witnesses regarding their identification of the panga boat during the deposition.  The United States asked both witnesses about the panga boat, and both witnesses were shown photographs of the panga during direct examination.  Defense counsel then  had unlimited time to cross examine these witnesses about their testimony, but chose not to cross-examine them regarding the identifications of the panga.  Because the witnesses have not testified inconsistently about these identifications, the videorecorded post-arrest interviews do not meet the requirements of a "prior inconsistent statement" under Rule 801(d)(1).

Second, the statements by the witnesses and the agents do not constitute an "opposing party's statement" under Rule 801(d)(2).  <u>Compare</u> Fed. R. Evid. 801(d)(2); <u>Cf.</u> <u>United States v. Zizzo</u>, 120 F.3d 1338, 1352 n.8 (7th Cir. 1997) ("Based on the common law principle that no individual should be able to bind the sovereign, we generally decline to apply Rule 801(d)(2) to statements made by government employees in criminal cases.")

        b.    <u>The Statements Do Not Fall Within The Residual Exception to the Hearsay Rule</u>

Further, because Defendants had a full and fair opportunity to cross-examine these witnesses on this subject, the videos should not be admitted under Federal Rule of Evidence 807, the residual exception to the hearsay rule.  Under Rule 807, a hearsay statement that is not otherwise admissible may be admitted where "(1) the statement has equivalent circumstantial guarantees of trustworthiness; (2) it is offered as evidence of a material fact; (3) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts; and (4) admitting it will best serve the purposes of these rules and the interests of justice." Fed. R. Evid. 807.  "This exception is not to be used as a new and broad

hearsay exception, but rather is to be used rarely and in exceptional circumstances." <u>Fong v. American Airlines, Inc.</u>, 626 F.2d 759, 763 (9th Cir. 1980).

There appears to be a single case in which the Ninth Circuit reversed a district court for not allowing evidence in under the residual exception to the hearsay rule: <u>United States v. Sanchez-Lima</u>, 161 F.3d 545 (9th Cir. 1998). There, the Ninth Circuit found that the sworn videotaped statements of eyewitness should come into evidence because the tapes contained material evidence relating to the defendant's defense, the district court had <u>denied</u> defendant's motion to depose the witnesses, and the witnesses had been deported and were therefore unavailable for trial. <u>See id.</u> at 548. Such extenuating and exceptional circumstances do not exist in the present case. First, Ms. Gonzalez will be present to testify at trial. Second, although Mr. Gutierrez and Mr. Banuelos may not appear for trial, counsel had a full and fair opportunity to elicit testimony regarding the identifications of the panga boat at the material witness deposition. Rather than questioning the material witnesses about those identifications, and permitting them an opportunity to explain those identifications, Defendants now wish to simply play their prior statements, essentially doing an end-run around the adversarial process. Because Defendants had a full and fair opportunity to develop their defense at the material witness deposition, the videos are therefore not "more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts" the Court should not permit the videos in as substantive evidence under Fed. R. Evid. 807.

      2.    <u>The Videotaped Sworn Statements Are Not Admissible As Impeachment</u>

The Court should not permit the introduction of the videotaped sworn statements for impeachment purposes because such extrinsic evidence of prior conduct is inadmissible under the Federal Rules of Evidence. First, extrinsic evidence of the witness's prior statements is not admissible under Fed. R. Evid. 613(b), which permits "[e]xtrinsic evidence of a witness's prior inconsistent statement . . . only if the witness is given an opportunity to explain or deny the statement and an adverse party is given an opportunity to examine the witness about it, or if justice

so requires." Fed. R. Evid. 613(b).  Here, the witnesses have not testified inconsistently regarding their identification.  Moreover, because Defendants chose not to question the witnesses about their identification of the panga, the United States cannot rehabilitate these witnesses and cannot examine the witnesses about any purported suggestiveness.

Second, extrinsic evidence is explicitly inadmissible under Rule 608.  Pursuant to Fed. R. Evid. 608 "extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness."  The evidence proffered by Defendants falls squarely within Rule 608's prohibition.  The video is extrinsic evidence of prior conduct of the witnesses.  Because the statements are inadmissible for impeachment purposes, the Court should preclude Defendants from introducing the statements into evidence.

3.    The Videotaped Sworn Statements Are Inadmissible Under 403

Finally, under Rule 403 "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.  First, Ms. Gonzalez was never shown a photograph of the panga during her post-arrest interview.  Utilizing her videotaped sworn statement in the way suggested by counsel would therefore mislead and confuse the jury.   Further, the United States believes that the probative value of the statements of the other two witnesses is substantially outweighed by the potential to confuse the issues, mislead the jury, and waste the jury's time.  As to Mr. Gutierrez, the agents showed him a series of photographs, asking him if he recognized the photographs. The questions asked by the agent are precisely the foundational questions that would be used in court before asking a witness to identify a photograph.  Indeed the photographs and questions are basically cumulative of those asked during the deposition.  As to Mr. Banuelos, it appears that agents showed him a single photograph of the inside of the boat, and asked "were you in any other motorboat besides this one . . ."  At the deposition, in addition to that first photograph, Mr. Banuelos was also shown a different picture of the outside of the boat that he had never seen

before.  He indicated that both photographs looked like the panga on which he had traveled to the United States.  However, because it is very difficult, without looking closely at the video, to determine which photograph was shown to Mr. Banuelos during the post-arrest interview, there is a very high probability that introducing the evidence in the way counsel suggested will be confusing and misleading to the jury regarding his ability to identify the panga boat. This is particularly true where, as here, counsel chose not cross-examine him on the subject.  The Court should therefore exercise its discretion and preclude this evidence under Fed. R. Evid. 403.  <u>See</u> <u>United States  v. Espinoza-Baza</u>, 647 F.3d 1182, 1189 (9th Cir. 2011) (noting that "[w]here the evidence is of very slight (if any) probative value, ... even a modest likelihood of unfair prejudice or a small risk of misleading the jury will justify excluding that evidence. . .  Further, given the substantial deference owed to a district court's Rule 403 rulings, we generally will not disturb such a ruling unless it lies beyond the pale of reasonable justification under the circumstances." (internal quotation marks and citations omitted)).

### B.    The Court Should Preclude Introduction of Out of Court Written Statements by Ms. Gonzalez

The United States anticipates that Defendants will question Ms. Gonzalez regarding the photograph of a panga seized on February 23, 2012.  As noted in the prior in limine hearing, counsel has a photograph of the boat with two sets of handwriting on it, in Spanish.  As a courtesy to the Court, the United States has attached this photograph as Exhibit C.  The United States objects to the use and or introduction of the picture with handwriting, because it contains inadmissible hearsay. <u>See</u> Fed. R. Evid. 801(c) (defining hearsay as a statement that "(1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement.").  These statements contain no indicia of reliability, and it is impossible to tell who wrote on the photograph.  Because these statements are pure hearsay, and use of the photograph with the writing would be highly

1   confusing, prejudicial, and misleading to the jury, the Court should preclude Defendants from

2   entering that photograph into evidence, or utilizing it at trial.  See Fed. R. Evid. 403.

3   **C.**   **The Court Should Enter An Order Compelling Defendants To Shave And Remain**
        **Clean Shaven Throughout Trial**

4

5          The United States requests an order requiring both defendants to shave their facial hair and

6   cut their hair prior to trial, and to remain clean shaven throughout trial.  The United States

7   anticipates that several eyewitnesses will be asked to make an in-court identification of defendants.

8   Photographs taken the date of Defendants' arrest show that on that date both Defendants were

9   basically clean shaven and had closely cropped hair. [See Ex. A, Photograph of Jesus Crispin

10  Loera-Borbon from February 20, 2012; Ex. B, Photograph of Alfredo Leyva-Acosta from

11  February 20, 2012.] Facial hair, or long hair, on either of the defendants would therefore increase

12  the chance of misidentification by these eye-witnesses.

13         At the material witness deposition, the United States observed that Defendant Alfredo

14  Leyva-Acosta had a full beard that entirely obscured the lower part of his face.  At the most recent

15  hearing on August 23, 2012, the United States observed that  Leyva-Acosta appeared with a fully

16  grown moustache.  The Ninth Circuit faced a very similar factual scenario in United States v.

17  Valenzuela, and upheld an order by the district court to compel the defendant to shave his beard.

18  See 722 F.2d 1431, 1433-34 (9th Cir.1983).  There, surveillance video taken during two bank

19  robberies revealed that the bank robber was clean shaven.  A few days before trial the defendant

20  appeared in court with a full beard and mustache.  The Ninth Circuit upheld the district court's

21  order that the defendant shave off his beard and mustache prior to trial.  In so doing, the Ninth

22  Circuit found that such an order did not violate a defendant's Fifth Amendment privilege against

23  self-incrimination, because the privilege is only testimonial in nature.  See id. at 1433.  Further,

24  the Ninth Circuit found that "requiring defendant to appear clean shaven and reveal his facial

25  features so as to facilitate comparison to a photograph would seem to reduce the chance of

26  misidentification instead of increase it."  Id. at 1434; see also United States v. Beaton, No.

27

28                                                         10

96-50139, 1997 U.S. App. LEXIS 5906, at *2 (9th Cir. Mar. 26, 1997) (unpublished) (upholding district court's order that defendant shave; <u>United States v. Smith</u>, No. 94-10190, 1995 U.S. App. LEXIS 4529, at *2-*3 (9th Cir. March 6, 1995) (unpublished) (same).

**III**

**<u>CONCLUSION</u>**

For the foregoing reasons, the United States respectfully asks that the Court grant the United States' motions <u>in limine</u>.

11

1

2                        UNITED STATES DISTRICT COURT

3                       SOUTHERN DISTRICT OF CALIFORNIA

4
          UNITED STATES OF AMERICA,         )          Case No. 12-CR-966-CAB
5                                           )
                    Plaintiff,              )
6                                           )
                                            )
7                      v.                   )          **CERTIFICATE OF SERVICE**
                                            )
8                                           )
          JESUS CRISPIN LOERA-BORBON (1),   )
9           ALFREDO LEYVA-ACOSTA (2),       )
                                            )
10                  Defendants.             )
                                            )
11

12

13    IT IS HEREBY CERTIFIED THAT:

14       I, MICHELLE L. WASSERMAN, am a citizen of the United States and am at least eighteen
      years of age.  My business address is 880 Front Street, Room 6293, San Diego, California
15    92101-8893.

16       I am not a party to the above-entitled action.  I have caused service of UNITED STATES'
      SUPPLEMENTAL MOTIONS IN LIMINE on the following parties by electronically filing the
17    foregoing with the Clerk of the District Court using its ECF System, which electronically notifies
      them.

18
      **COUNSEL FOR JESUS CRISPIN LOERA BORBON (1)**:
19    Joseph McMullen, Esq.

20    **COUNSEL FOR ALFREDO LEYVA-ACOSTA (2)**:
      William Burgener Esq.

21

22
      I declare under penalty of perjury that the foregoing is true and correct
23

24       Executed on September 7, 2012

25                    _s/ Michelle L. Wasserman_____
                      MICHELLE L. WASSERMAN
26

27

28                                          12